IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| OSCAR RENEE ALBA-TOVAR, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 05-1899-JO |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Oscar Renee Alba-Tovar
Reg. No. 30319-112
Federal Correctional Institution
P. O. Box 5000
Sheridan, OR  97378-5000

    Petitioner Pro Se

Scott E. Asphaug
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204

Theresa T. Talplacido
UNITED STATES DEPARTMENT OF JUSTICE
Federal Bureau of Prisons
P. O. Box 13901
Seattle, WA  98198

   Attorneys for Respondent

JONES, Judge:

This matter is before the court on petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner Oscar Renee Alba-Tovar, an FCI Sheridan inmate, challenges the Bureau of Prisons' ("BOP") decision to deny him certain credit for time served against his federal sentence under 18 U.S.C. § 3585.  Petitioner asks the court to send Charles Daniels, the warden of FCI Sheridan, a letter stating that the court has no objection to correcting the date of incarceration to be June 29, 2004, rather than July 27, 2004.  For the reasons stated, the petition is denied and this action is dismissed.

## BACKGROUND

On June 29, 2004, petitioner was arrested in the County of Los Angeles on a California parole violation.  On that date, the Bureau of Immigration and Customs Enforcement ("ICE") placed a detainer with the County of Los Angeles.  Petitioner remained in state custody until July  19, 2004, the completion date of his state obligation.  He was then turned over to ICE pursuant to the detainer.  On July 27, 2004, a criminal complaint was filed with the United States District Court for the Central District of California.  That same day, ICE turned petitioner over to the United States Marshal Service.  Between July 19 and July 27, 2004, ICE held petitioner in non-criminal administrative custody.

2 - OPINION AND ORDER

On September 13, 2004, petitioner pled guilty in the Central District of California to two counts of Improper Entry by an Alien.  Pursuant to the court's fast-track procedures, the district court sentenced him the same date to a period of 30 months of incarceration and one year of supervised release.

BOP started prior custody credits on July 27, 2004, when the criminal charges were filed on petitioner's current offense, per BOP policy.  With good conduct time, petitioner is scheduled for release from federal custody on September 28, 2006.

DISCUSSION

Assuming that petitioner exhausted all available administrative remedies,[1] it appears that BOP correctly computed petitioner's sentence and the credit due.  See 28 C.F.R. § 0.96 (delegating sentence computation authority to BOP).  18 U.S.C. § 3585(b) provides:

> **Credit for prior custody**. --  A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1)      as a result of the offense for which the sentence was imposed; or
>
> (2)      as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

a.      Period from June 29, 2004, through July 18, 2004

The time petitioner spent in custody from June 29, 2004, through July 18, 2004, was credited toward his California parole violation.  He cannot, therefore, receive credit against his federal sentence for that detention time, as that would constitute double credit.  U.S. v. Wilson,

---

[1]      The government makes no exhaustion argument.

3 - OPINION AND ORDER

503 U.S. 329, 337 (1992)("Congress made clear that a defendant could not receive double credit

for his detention time"); 18 U.S.C. § 3585(b).  Thus, BOP correctly excluded this time in

crediting petitioner's time served.

  b.  <u>Period from July 19, 2004, through July 26, 2004</u>

  The time petitioner spent in ICE non-criminal administrative custody, from July 19,

2004, through July 26, 2004, under the provisions of 8 U.S.C. § 1252 pending a final civil

deportation decision does not qualify as "official detention" under 18 U.S.C. § 3585(b).

  The BOP has issued Program Statement 5880.28 of the Sentence Computation Manual

(<u>see</u> Attachment 1 to Declaration of William Cooley (CCA of 1984), which implements the

congressional mandate of § 3585(b).[2]  According to Program Statement 5880.28:

> Official detention does not include time spent in the custody of the U.S.
> Immigration and Naturalization Service (INS) under the provisions of 8 U.S.C.
> § 1252 pending a final determination of deportability. An inmate being held by
> INS pending a civil deportation determination is not being held in "official
> detention" pending criminal charges.

 The Program Statement cites several cases for the proposition that detention pending a

deportation determination is civil in nature and is not "official detention" for purposes of

Section 3585.  <u>See</u> <u>Ramirez-Osorio v. INS</u>, 745 F.2d 937, 944 (5th Cir.1984) ("A deportation

proceeding is a civil, not criminal, action" (<u>citing</u> <u>INS v. Lopez-Mendoza</u>, 468 U.S. 1032,

1042-43 (1984)); <u>Cabral-Avila v. INS</u>, 589 F.2d 957, 959 (9th Cir.1978)("The deportation

proceeding, despite the severe consequences, has consistently been classified as a civil, rather

than a criminal matter"); <u>see also</u> <u>Reno v. Koray</u>, 515 U.S. 50, 61 (1995) ("[C]redit for time spent

_____

   [2]  Program Statements, the BOP's internal agency guidelines, are entitled to
deference from the courts.  <u>Reno v. Koray</u>, 515 U.S. 50, 61 (1995).

in 'official detention' under § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility,' § 3621(b), and who were subject to BOP's control.)"

In this case, ICE held petitioner from July 19, 2004, until turning him over to the U.S. Marshal's Service on July 26, 2004. Petitioner's custody during that time was due to pending administrative deportation proceedings and does not constitute "official detention" under § 3585(b). Accordingly, BOP properly excluded that time in calculating petitioner's time served.

CONCLUSION

For the foregoing reasons, petitioner's Petition for Writ of Habeas Corpus (# 1) is DENIED and this action is dismissed with prejudice. Any other pending motions are denied as moot.

DATED this 22nd day of September, 2006.

/s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge

5 - OPINION AND ORDER